# EXHIBIT A

 CT Corporation

**TO:** Christine Gillen
The Prudential Insurance Company of America
Legal Department, 751 Broad St, 4th Floor
Newark, NJ 07102

**RE:** **Process Served in California**

**FOR:** The Prudential Insurance Company of America (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Amanda E. Latham, Pltf. vs. The Prudential Insurance Company of America, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Information, Cover Sheet, Instructions, Complaint and Jury Demand, Exhibit(s) |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA<br>Case # 37201400035088CUCINC |
| **NATURE OF ACTION:** | Plaintiff sustained loss and damage due to breach of contract by the defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/24/2014 at 12:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Amanda E. Latham<br>DarrasLaw<br>3257 East Guasti Road<br>Suite 300<br>Ontario, CA 91761<br>909-390-3770 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/27/2014, Expected Purge Date: 11/01/2014<br>Image SOP<br>Email Notification, Legal Process Unit legal.process.unit@prudential.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / MK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*1240 - OCT 24*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and<br>DOES 1-10, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>AMANDA E. LATHAM | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**10/16/2014** at 08:00:00 AM<br><br>Clerk of the Superior Court<br>By Amy Wagoner, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of San Diego<br>325 South Melrose Drive, Vista, CA 92081 | CASE NUMBER:<br>*(Número del Caso):*<br><br>37-2014-00035088-CU-CI-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Frank N. Darras #128904, DARRASLAW, 3257 E. Guasti Road, #300, Ontario, CA 91761     909-390-3770

| | | | |
|---|---|---|---|
| DATE: 10/16/2014<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *Amy Wagoner*<br>A. Wagoner | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The Prudential Insurance Company of America

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☒ by personal delivery on *(date)* Oct 24 2014

Page 1 of 1

**SUMMONS**

[SEAL: Superior Court of California, County of San Diego]



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2014-00035088-CU-CL-NC   CASE TITLE: Latham vs. The Prudential Insurance Company of America [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

---

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

### Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

### Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Frank N. Darras #128904<br>DARRASLAW<br>3257 East Guasti Road, Suite 300<br>Ontario, CA 91761<br>TELEPHONE NO: (909) 390-3770   FAX NO. (909) 974-2121<br>ATTORNEY FOR (Name): Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**10/16/2014** at 08:00:00 AM<br><br>Clerk of the Superior Court<br>By Amy Wagoner,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN DIEGO
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: The North County Regional Center

CASE NAME:
Amanda Latham v Prudential Insurance Company of America, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount           (Amount<br>demanded         demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2014-00035088-CU-CI-NC<br><br>JUDGE<br>DEPT.   Judge Earl H. Maas III |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case.

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[✓] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): One
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 15, 2014
Frank N. Darras
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependant Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

FRANK N. DARRAS #128904
LISSA A. MARTINEZ #206994
SUSAN B. GRABARSKY #203004
PHILLIP S. BATHER #273236
SHAWN S. DHILLON #291527

**D** DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:    (909) 390-3770
Facsimile:    (909) 974-2121

Attorneys for Plaintiff
AMANDA E. LATHAM

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**10/16/2014** at 08:00:00 AM
Clerk of the Superior Court
By Amy Wagoner, Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| AMANDA E. LATHAM,<br><br>          Plaintiff,<br><br>     vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1-10, inclusive,<br><br>          Defendants, | Case No: 37-2014-00035088-CU-CI-NC<br><br>**COMPLAINT AND JURY DEMAND**<br><br>1) Breach of Contract |

Plaintiff alleges as follows:

## GENERAL ALLEGATIONS

### Introduction

1.    As an employee of the City of Escondido, AMANDA E. LATHAM ("MS. LATHAM") was provided Long Term Disability coverage as part of her employee benefit package.

2.    This coverage was to provide her with financial assistance and support in the event of an unforeseen illness or injury which rendered her unable to work.

1    3.    Unfortunately, when the need arose to file a claim for benefits, THE

2    PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") has failed to

3    honor its obligations to MS. LATHAM and has unreasonably denied her Short Term and

4    Long Term disability benefits.

5                           **Factual Allegations**

6    4.    Plaintiff is, and at all relevant times was, a resident and citizen of the State

7    of California.

8    5.    Plaintiff alleges upon information and belief that Defendant, THE

9    PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), is, and at all

10    relevant times was, a corporation duly organized and existing under and by virtue of the

11    laws of the State of New Jersey and authorized to transact and transacting the business

12    of insurance in this state.

13    6.    The true names and capacities, whether individual, corporate, associate,

14    or otherwise, of Defendants, DOES 1 through 10, inclusive, are unknown to Plaintiff,

15    who therefore sues said Defendants by such fictitious names. Plaintiff is informed and

16    believes and on such information and belief alleges that each of the Defendants sued

17    herein as a DOE is legally responsible in some manner for the events and happenings

18    referred to herein, and will ask leave of this court to amend this Complaint to insert their

19    true names and capacities in place and instead of the fictitious names when the same

20    become known to Plaintiff.

21    7.    At all relevant times, Defendants, and each of them, were the agents and

22    employees of each of the remaining Defendants, and were at all times acting within the

23    purpose and scope of said agency and employment, and each Defendant has ratified

24    and approved the acts of his agent.

25    8.    On or about January 1, 2007 PRUDENTIAL issued Short Term and Long

26    Term Disability Plan No. G-44959-CA to the City of Escondido. A copy of the Plan is

27    attached hereto as Exhibit "A."

28    9.    According to the terms of the Plan, if MS. LATHAM became disabled,

**DarrasLaw**

1    PRUDENTIAL is to provide weekly Short Term disability benefits equivalent to 66.67%
2    of her weekly earnings following a 7 day Elimination Period. The Plan provides benefits
3    for a maximum of 12 weeks.

4        10.    Per the Plan, "Disability" means "you are unable to perform the material
5    and substantial duties of your regular occupation due to your sickness or injury; you
6    have a 20% or more loss in weekly earnings due to the same sickness or injury; and
7    you are under the regular care of a doctor."

8        11.    According to the terms of the Plan, if MS. LATHAM became disabled,
9    PRUDENTIAL is to provide monthly Long Term disability benefits equivalent to 67% of
10   her monthly earnings following a 90 day Elimination Period. The Plan provides benefits
11   to MS. LATHAM's Social Security Normal Retirement Age.

12       12.    Per the Plan, "Disability" means that "you are unable to perform the
13   material and substantial duties of your regular occupation due to your sickness or injury,
14   you have a 20% or more loss in your indexed monthly earnings due to that sickness or
15   injury; and you are under the regular care of a doctor. After 36 months of payments,
16   you are disabled when Prudential determines that due to the same sickness or injury,
17   you are unable to perform the duties of any gainful occupation for which you are
18   reasonably fitted by education, training or experience."

19       13.    Prior to her disability, MS. LATHAM was employed by the City of
20   Escondido as a Water Treatment Plant Operator II. The material and substantial duties
21   of this occupation included:

22          • Determine chemical dosage and make adjustments as necessary;
23          • Monitor water quality by performing tests at various stages in the
24            treatment process;
25          • Make visual inspections and monitor facility and roads;
26          • Provide appropriate response to emergencies and spills including
27            hazardous materials;
28          • Maintain operator's log records and data;

1 • Response to inquiries from the vendors, suppliers and public regarding
2 water quality;

3 • Re-order chemical as needed to maintain supply;

4 • Perform preventative maintenance and repairs on chemical feed system;
5 and .

6 • Clean, paint and lubricate equipment.

7 14. MS. LATHAM's pre-disability occupation was physically demanding as
8 well. According to the job description provided to PRUDENTIAL, she was required to lift
9 and carry eleven to twenty-five pounds frequently and up to fifty pounds occasionally.

10 15. On or about December 20, 2011, MS. LATHAM became disabled as
11 defined the Plan.

12 16. On or about December 27, 2011, Dr. Ronald Shimmin completed an
13 Attending Physician Statement providing restrictions and limitations of no lifting over ten
14 pounds and no reaching above her shoulder.

15 17. On or about January 11, 2012, PRUDENTIAL approved MS. LATHAM's
16 claim for Short Term disability benefits.

17 18. On or about January 27, 2012, Dr. Ronald Shimmin of Concentra
18 Occupational Medical Center noted MS. LATHAM "still has moderate frequent pain in
19 back. Pain is an ache with tightness and some spasms at times in above areas. PT
20 sometimes worsens her."

21 19. On or about February 13, 2012, MS. LATHAM attended a follow up
22 appointment with Dr. Ledesma Limbo de Rosales regarding her ongoing back pain
23 which was radiating to her left arm along with bilateral arm weakness and increased
24 pain with repetitive use of her hand and when driving.

25 20. On or about February 24, 2012, MS. LATHAM established care with Dr.
26 Nguyen Phuong Tran. Per the chart note, MS. LATHAM's reported complaints of upper
27 right side back pain in her rhomboid area for three months as well as radiating pain in
28 her right arm.



1    21.    On or about April 4, 2012, Dr. Tran provided the following response to a

2    letter from PRUDENTIAL regarding MS. LATHAM's restrictions and limitations as of

3    January 27, 2012:

4        • "...I only started seeing the patient since 2/24/12 and can't comment on

5            capacity to work before 2/24/12. When I did see the patient on 2/24/12, she

6            was not able to work at that time."

7    22.    On or about April 11, 2012, PRUDENTIAL approved MS. LATHAM's claim

8    for Short Term disability benefits through February 23, 2012. Short Term disability

9    benefits as of February 24, 2012 were denied as was her claim for Long Term disability

10   benefits.

11   23.    On or about February 19, 2013, Dr. William Seth Bolling provided a

12   diagnosis of cervical spine sprain/strain with 3mm disc protrusion at C5-6, 2mm at C4-5

13   with upper extremity radiculopathy.

14   24.    On or about March 5, 2013, Dr. Khalid Ahmed certified MS. LATHAM as

15   temporarily totally disabled from March 5, 2013 through April 15, 2013.

16   25.    On or about April 15, 2013, Dr. Khalid Ahmed certified MS. LATHAM as

17   temporarily totally disabled from April 15, 2013 through May 13, 2013.

18   26.    On or about May 13, 2013, Dr. Khalid Ahmed certified MS. LATHAM as

19   temporarily totally disabled from May 13, 2013 through June 24, 2013.

20   27.    On or about March 25, 2014, Dr. Robert Maywood completed a Primary

21   Treating Physician's Work Status Form certifying MS. LATHAM's status as "temporary

22   total disability" from March 25, 2014 through April 15, 2014.

23   28.    On or about March 27, 2014, Dr. Richard Hubbard performed a Med-Legal

24   Complex Neurological Evaluation. His findings included:

25       • "The patient complains of having neck pain, which proceeds upward to the

26           occipitonuchal area and into the occipital area of her head causing headache.

27           The neck pain also spreads into the right arm to the elbow. She has right

28           scapular pain, which spreads to the right occipital area and is constant and

1    also spreads to the thoracolumbar back with pain spreading into the right leg."

2    • "The patient complains of having headaches, which are occurring on a daily
3    basis at this point. The headaches tend to worsen if she lies down. The pain
4    consists of a sharp pain and also a pressure sensation and spreads to the
5    vertex and then the forehead."

6    • "The patient complains of difficulty sleeping. It takes her about 1-2 hours to
7    fall asleep and then she awakens during the night about every 2 hours
8    because of pain. She has noted some twitching at times. She is currently
9    getting about 6 hours of sleep per night, and this has resulted in
10    fragmentation of her sleep and daytime fatigue."

11    29.    On or about April 15, 2014, Dr. Robert Maywood completed a Primary
12    Treating Physician's Work Status Form certifying MS. LATHAM's status as "temporary
13    total disability" from April 15, 2014 through May 27, 2014.

14    30.    On or about May 27, 2014, Dr. Robert Maywood completed a Primary
15    Treating Physician's Work Status Form certifying MS. LATHAM's status as "temporary
16    total disability" from May 27, 2014 through July 8, 2014.

17    31.    On or about June 27, 2014, Dr. Khalid Ahmed completed a Primary
18    Treating Physician's Progress Report as follows:

19    • "The patient comes in complaining of pain and discomfort in the cervical spine
20    region. She states she is having difficulty sleeping and wakes up at night due
21    to the pain. She also complains of headaches as well as symptoms of
22    anxiety and depression."

23    • Diagnoses:
24    o  Cervical spine sprain/strain, herniated cervical disk with C5, C6
25    radiculopathy, right greater than left
26    o  Parascapular strain, right-sided
27    o  Myofascial pain syndrome
28    o  Symptoms of anxiety and depression


DarrasLaw

- 6 -
COMPLAINT AND JURY DEMAND

1    32.    To date, MS. LATHAM remains under regular doctor care and deemed
2    totally disabled.

3

4         PLAINTIFF, AMANDA E. LATHAM, FOR A FIRST CAUSE OF ACTION
5    AGAINST DEFENDANTS, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA;
6    and DOES 1 through 10, inclusive, FOR BREACH OF CONTRACT, ALLEGES:

7    33.    Plaintiff refers to each and every paragraph of the General Allegations and
8    incorporates those paragraphs as though set forth in full in this cause of action.

9    34.    Defendants, and each of them, owed duties and obligations to Plaintiff
10   under the Policy.

11   35.    Defendants, and each of them, breached the terms and provisions of the
12   insurance Policy by:

13        a.    Unreasonably failing to make payments to Plaintiff at a time when
14        Defendants knew that Plaintiff was entitled to the payments under the terms
15        of the Policy.

16        b.    Unreasonably delaying payments to Plaintiff knowing Plaintiff's
17        claim for benefits under the Policy to be valid.

18        c.    Unreasonably withholding payments from Plaintiff knowing
19        Plaintiff's claim for benefits under the Policy to be valid.

20        d.    Unreasonably misrepresenting to Plaintiff pertinent facts and
21        insurance Policy provisions relating to the coverage in issue.

22        e.    Failing to reasonably and promptly investigate and process
23        Plaintiff's claim for benefits.

24        f.    Not attempting to effectuate a prompt, fair and equitable settlement
25        of Plaintiff's claim for benefits in which liability has become reasonably clear.

26        g.    Failing to promptly provide a reasonable explanation of the basis
27        relied upon in the Policy, in relation to the applicable facts, for the denial of
28        Plaintiff's claim for benefits.

**DarrasLaw**

1    36.    Plaintiff is informed and believes and thereon alleges that Defendant has

2    breached its contractual obligations by other acts or omissions of which Plaintiff is

3    presently unaware and which will be shown according to proof at the time of trial.

4    37.    As a direct and proximate result of Defendants' conduct and breach of

5    their contractual obligations, Plaintiff has suffered damages under the Policy in an

6    amount to be determined according to proof at the time of trial.

7    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

8    them, as follows:

9    AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS, THE

10   PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1 through 10,

11   inclusive, FOR BREACH OF CONTRACT:

12   1.    Damages under the Policy in an amount to be determined according to

13   proof at the time of trial;

14   2.    For costs of suit incurred herein; and,

15   3.    For such other and further relief as the Court deems just and proper.

16

17   Dated:  October 15, 2014                    DarrasLaw

18

19                                               FRANK N. DARRAS

20                                               Attorneys for Plaintiff
                                                 AMANDA E. LATHAM

21

22                          **DEMAND FOR JURY TRIAL**

23

24      Plaintiff hereby demands a trial by jury.

25

26   Dated: October 15, 2014                     DarrasLaw

27

28                                               FRANK N. DARRAS
                                                 Attorneys for Plaintiff
                                                 AMANDA E. LATHAM

- 8 -
COMPLAINT AND JURY DEMAND

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/16/2014** at 08:00:00 AM

Clerk of the Superior Court
By Amy Wagoner,Deputy Clerk

# City of Escondido

## *Employees designated as Unclassified*

**Short Term Disability Coverage**
**Long Term Disability Coverage**

EXHIBIT A



**Prudential Financial**

# Benefit Highlights

### SHORT TERM DISABILITY PLAN

This short term disability plan provides financial protection by paying a portion of your income while you are disabled. The amount you receive is based on the amount you earned before your disability began. In some cases, you can receive disability payments even if you work while you are disabled. Benefits start after the elimination period.

| | |
|---|---|
| **Program Date:** | January 1, 2007 |
| **Contract Holder:** | CITY OF ESCONDIDO |
| **Group Contract Number:** | G-44959-CA |
| **Covered Classes:** | All Employees who are designated by the Contract Holder as Unclassified Employees other than those Employees also designated as Safety or Safety Management Employees. |
| **Minimum Hours Requirement:** | Employees must be working at least 20 hours per week. |
| **Employment Waiting Period:** | You may need to work for your Employer for a continuous period before you become eligible for the plan. The period must be agreed upon by your Employer and Prudential. |
| | Your Employer will let you know about this waiting period |
| **Elimination Period:** | 7 days for disability due to accident; 7 days for disability due to sickness |
| | **Benefits begin the day after the Elimination Period is completed.** |
| **Weekly Benefit:** | 66.67% of your weekly earnings, but not more than $2,500.00. If this amount is not a multiple of $1.00, it will be rounded to the next higher multiple of $1.00. |
| | Your benefit may be reduced by deductible sources of income and disability earnings. Some disabilities may not be covered under this plan. |
| **Maximum Period of Benefits:** | 12 weeks of benefits. |
| | Contributions are required for your coverage while you are receiving payments under this plan. |
| **Cost of Coverage:** | The short term disability plan is provided to you on a contributory basis You will be informed of the amount of your contribution when you enroll |

**The above items are only highlights of your coverage. For a full description please read this entire Group Insurance Certificate.**

000010

EXHIBIT A

# Benefit Highlights

## LONG TERM DISABILITY PLAN

This long term disability plan provides financial protection for you by paying a portion of your income while you have a long period of disability. The amount you receive is based on the amount you earned before your disability began. In some cases, you can receive disability payments even if you work while you are disabled. Benefits start after the elimination period.

| | |
|---|---|
| **Program Date:** | January 1, 2007 |
| **Contract Holder:** | CITY OF ESCONDIDO |
| **Group Contract Number:** | G-44959-CA |
| **Covered Classes:** | All Active Employees who are designated by the Contract Holder as Unclassified Employees other than those Employees also designated as Safety or Safety Management Employees. |
| **Minimum Hours Requirement:** | Employees must be working at least 20 hours per week. |
| **Employment Waiting Period:** | You may need to work for your Employer for a continuous period before you become eligible for the plan. The period must be agreed upon by your Employer and Prudential. |
| | Your Employer will let you know about this waiting period |
| **Elimination Period:** | 90 days. |
| | **Benefits begin the day after the Elimination Period is completed.** |
| **Monthly Benefit:** | 67% of your monthly earnings, but not more than $10,000.00. |
| | Your benefit may be reduced by deductible sources of income and disability earnings. Some disabilities may not be covered or may be limited under this coverage. |

**Maximum Period of Benefits:**

| Your Age on Date Disability Begins | Your Maximum Benefit Duration |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.

(44959-2)
EXHIBIT A

No contributions are required for your coverage while you are receiving payments under this plan.

**Cost of Coverage:** The long term disability plan is provided to you on a contributory basis. You will be informed of the amount of your contribution when you enroll.

**The above items are only highlights of your coverage. For a full description please read this entire Group Insurance Certificate.**

000012

# Table of Contents

BENEFIT HIGHLIGHTS - SHORT TERM DISABILITY PLAN ............................................................... 1

BENEFIT HIGHLIGHTS - LONG TERM DISABILITY PLAN .............................................................. 2

CERTIFICATE OF COVERAGE ........................................................................................................ 5

GENERAL PROVISIONS ................................................................................................................. 8

SHORT TERM DISABILITY COVERAGE - GENERAL INFORMATION ........................................ 10

SHORT TERM DISABILITY COVERAGE - BENEFIT INFORMATION .......................................... 11

SHORT TERM DISABILITY - CLAIM INFORMATION ................................................................... 17

LONG TERM DISABILITY COVERAGE - GENERAL INFORMATION .......................................... 19

LONG TERM DISABILITY COVERAGE - BENEFIT INFORMATION ............................................ 20

LONG TERM DISABILITY - OTHER BENEFITS ........................................................................... 32

LONG TERM DISABILITY - CLAIM INFORMATION ..................................................................... 33

LONG TERM DISABILITY - OTHER SERVICES ........................................................................... 35

GLOSSARY .................................................................................................................................... 37

**Plan Benefits Provided by**

The Prudential Insurance Company of America
751 Broad Street
Newark, New Jersey 07102

The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

**000013**

83500
CTC-1001

(44959-2)

EXHIBIT A

The Prudential Insurance Company of America

# Certificate of Coverage

The Prudential Insurance Company of America (referred to as Prudential) welcomes you to the plan.

This is your Certificate of Coverage as long as you are eligible for coverage and you meet the requirements for becoming insured. You will want to read this certificate and keep it in a safe place. Sign your name in the space below when you receive this certificate.

Prudential has written this certificate in booklet format to be understandable to you. If you should have any questions about the content or provisions, please consult Prudential's claims paying office. Prudential will assist you in any way to help you understand your benefits.

The benefits described in this Certificate of Coverage are subject in every way to the entire Group Contract which includes this Group Insurance Certificate.

### Prudential's Address

**The Prudential Insurance Company of America**
**751 Broad Street**
**Newark, New Jersey 07102**

### Customer Service Office

**The Prudential Insurance Company of America**
**Disability Management Services Claim Division**
**P.O. Box 13480**
**Philadelphia, Pennsylvania 19176**
**1-800-842-1718**

**Should you have a dispute concerning your coverage you should contact Prudential first. If the dispute is not resolved, you may contact the California Department of Insurance at the following address and phone number:**

**California Department of Insurance**
**Consumer Services Division**
**300 S. Spring Street**
**Los Angeles, California 90013**
**1-800-927-HELP**

THIS CERTIFICATE IS NOT A MEDICARE SUPPLEMENT CERTIFICATE. If you are eligible for Medicare, review the Guide to Health Insurance for People with Medicare available from the company.

_____
Signature of Employee

000014

85500
CERT 1003

(S-5)

EXHIBIT A

# General Provisions

## What Is the Certificate?

This certificate is a written document prepared by Prudential which tells you.

- the coverage to which you may be entitled;
- to whom Prudential will make a payment; and
- the limitations, exclusions and requirements that apply within a plan.

## General Definitions used throughout this certificate include:

*You* means a person who is eligible for Prudential coverage

*We, us,* and *our* means The Prudential Insurance Company of America

*Employee* means a person who is in active employment with the Employer for the minimum hours requirement.

*Insured* means any person covered under a coverage.

*Plan* means a line of coverage under the Group Contract

## When Are You Eligible for Coverage?

If you are working for your Employer in a covered class, the date you are eligible for coverage is the later of:

- the plan's program date; and
- the day after you complete your *employment waiting period.*

*Employment waiting period* means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

## When Does Your Coverage Begin?

When your Employer pays the entire cost of your coverage under a plan, you will be covered at 12:01 a.m. on the date you are eligible for coverage, provided you are in *active employment* on that date.

When you and your Employer share the cost of your coverage under a plan, you will be covered at 12:01 a.m. on the latest of.

- the date you are eligible for coverage, if you apply for insurance on or before that date; or

000615

EXHIBIT A

- the date you apply for insurance, if you apply within 31 days after your eligibility date.

***Active employment*** means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 20 hours per week.

Your worksite must be:

- your Employer's usual place of business;

- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or

- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

### What If You Are Absent from Work on the Date Your Coverage Would Normally Begin?

If you are absent from work due to injury, sickness, temporary layoff or leave of absence your coverage will begin on the date you return to active employment.

### Once Your Coverage Begins, What Happens If You Are Temporarily Not Working?

If you are on a temporary **layoff**, and if premium is paid, you will be covered to the end of the month following the month in which your temporary layoff begins

If you are on a ***leave of absence***, and if premium is paid, you will be covered to the end of the month following the month in which your leave of absence begins.

With respect to leave under the federal Family and Medical Leave Act of 1993 (FMLA) or similar state law, continuation of coverage under the plan during such leave will be governed by your Employer's policies regarding continuation of such coverage for non-FMLA leave purposes and any applicable law. Continuation of such coverage pursuant to this provision is contingent upon Prudential's timely receipt of premium payments and written confirmation of your FMLA leave by your Employer

If you are working less than 20 hours per week, for reasons other than disability, and if premium is paid, you will be covered to the end of the month following the month in which your reduced hours begin.

***Layoff or leave of absence*** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff

83500
CGP-1001

**000016**

7

(S-2) (44959-2)

EXHIBIT A

## When Will Changes to Your Coverage Take Effect?

Once your coverage begins, any increased or additional coverage will take effect immediately upon the effective date of the change, if you are in active employment or if you are on a covered layoff or leave of absence. If you are not in active employment due to injury or sickness, any increased or additional coverage will begin on the date you return to active employment. An increase in your long term disability coverage may be subject to a pre-existing condition limitation as described in the plan. Any decrease in coverage will take effect immediately upon the effective date of the change. Neither an increase nor a decrease in coverage will affect a **payable claim** that occurs prior to the increase or decrease.

**Payable claim** means a claim for which Prudential is liable under the terms of the Group Contract.

## When Does Your Coverage End?

Your coverage under the Group Contract or a plan ends on the earliest of:

- the date the Group Contract or a plan is canceled;
- the date you are no longer a member of the covered classes;
- the date your covered class is no longer covered;
- the last day of the period for which you made any required contributions;
- the last day you are in active employment except as provided under the temporary absence from work provisions; or
- the date you are no longer in active employment due to a disability that is not covered under the plan.

## Does the Coverage under a Plan Replace or Affect any Workers' Compensation or State Disability Insurance?

The coverage under a plan does not replace or affect the requirements for coverage by workers' compensation or state disability insurance.

## Does Your Employer Act as Prudential's Agent?

For purposes of the Group Contract, your Employer acts on its own behalf. Under no circumstances will your Employer be deemed the agent of Prudential

## Does This Certificate Address Any Rights to Other Benefits or Affect Your Employment with Your Employer?

This certificate sets forth only the terms and conditions for coverage and receipt of benefits for Short and Long Term Disability. It does not address and does not confer any rights, or take away any rights, if any, to other benefits or employment with your Employer. Your rights, if any,

000017

to other benefits or employment are solely determined by your Employer. Prudential plays no role in determining, interpreting, or applying any such rights that may or may not exist.

## How Can Statements Made in Your Application for this Coverage be Used?

Prudential considers any statements you or your Employer make in a signed application for coverage a representation and not a warranty. If any of the statements you or your Employer make are not complete and/or not true at the time they are made, we can:

- reduce or deny any claim; or

- cancel your coverage from the original effective date.

If a statement is used in a contest, a copy of that statement will be furnished to you or, in the event of your death or incapacity, to your eligible survivor or personal representative.

A statement will not be contested after the amount of insurance has been in force, before the contest, for at least two years during your lifetime.

We will use only statements made in a signed application as a basis for doing this.

If the Employer gives us information about you that is incorrect, we will:

- use the facts to decide whether you have coverage under the plan and in what amounts; and

- make a fair adjustment of the premium.

000018

(S 2) (44959 2)

EXHIBIT A

# Short Term Disability Coverage

## GENERAL INFORMATION

### Who Is in the Covered Class(es) for the Insurance?

The Covered Classes are:

All Employees who are designated by the Contract Holder as Unclassified Employees other than those Employees also designated as Safety or Safety Management Employees.

### How Many Hours Must You Work to be Eligible for Coverage?

You must be working at least 20 hours per week.

### What Is Your Employment Waiting Period?

You may need to work for your Employer for a continuous period before you become eligible for the coverage. The period must be agreed upon by your Employer and Prudential.

Your Employer will let you know about this waiting period.

### Who Pays for Your Coverage?

Your coverage is paid for by you. Your Employer will inform you of the amount of your contribution when you enroll.

000019

# Short Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury;

- you have a 20% or more loss in weekly earnings due to the same sickness or injury; and

- you are under the regular care of a doctor

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

**Physical Examination:**

Prudential, at our expense, shall have the right and opportunity to examine you when and as often as we may reasonably require during the pendency of a claim.

Refusal to be examined may result in denial or termination of your claim.

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified.

*Regular occupation* means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth Disability must begin while you are covered under the plan

*Injury* means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

*Regular care* means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

EXHIBIT A

**Doctor** means:

a person who is performing tasks that are within the limits of his or her medical license; and

is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

## How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your **elimination period.** Prudential will treat your disability as continuous if your disability stops for 5 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period

Your elimination period for disability due to an accident which begins while you are covered is 7 days; your elimination period for disability due to a sickness which begins while you are covered is 7 days

**Elimination period** means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

## Can You Satisfy Your Elimination Period If You Are Working?

Yes, provided you meet the definition of disability.

## When Will You Begin to Receive Disability Payments?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment every week for any period for which Prudential is liable.

## How Much Will Prudential Pay If You Are Disabled and Not Working?

We will follow this process to figure out your **weekly payment:**

1. Multiply your weekly earnings by 66 67%. If this amount is not a multiple of $1.00, it will be rounded to the next higher multiple of $1.00.

2. The maximum **weekly benefit** is $2,500.00.

3. Compare the answer in item 1 with the maximum weekly benefit. The lesser of these two amounts is your **gross disability payment.**

4. Subtract from your gross disability payment any **deductible sources of income**

That amount figured in item 4 is your weekly payment.

After the elimination period, if you are disabled for less than 1 week, we will send you 1/7 of your payment for each day of each day of disability.

***Weekly payment*** means your payment after any deductible sources of income have been subtracted from your gross disability payment.

***Weekly benefit*** means the total benefit amount for which you are insured under this plan subject to the maximum benefit.

***Gross disability payment*** means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

***Deductible sources of income*** means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

## What Are Your Weekly Earnings?

Weekly earnings means your gross weekly income from your Employer in effect just prior to your date of disability. It includes total weekly income before taxes and is prior to any deductions made for pre-tax contributions to a deferred compensation plan, Section 125 plan, or flexible spending account. It does not include income received from commissions, bonuses, overtime pay, any other extra compensation, or income received from sources other than your Employer.

## What Will We Use to Determine Weekly Earnings If You Become Disabled During a Covered Layoff or Leave of Absence?

If you become disabled while you are on a covered layoff or leave of absence, we will use your weekly earnings from your Employer in effect just prior to the date your absence begins.

## How Much Will Prudential Pay If You Work While You Are Disabled?

We will send you the weekly payment if you are disabled and your weekly ***disability earnings***, if any, are less than 20% of your weekly earnings.

If you are disabled and your weekly disability earnings are from 20% through 80% of your weekly earnings, you will receive payments based on the percentage of income you are losing due to your disability. We will follow this process to figure out your weekly payment.

1.  Subtract your disability earnings from your weekly earnings.

2   Divide the answer in item 1 by your weekly earnings. This is your percentage of lost earnings.

3.  Multiply your weekly payment as shown above by the answer in item 2.

This is the amount Prudential will pay you for each week.

Prudential may require you to send proof of your disability earnings each week. We will adjust your weekly payment based on your disability earnings. As part of your proof of disability earnings, we can require that you send us appropriate financial records, including copies of your IRS federal income tax return, W-2's and 1099's, which we believe are necessary to substantiate your income.

We will not pay you for any week during which disability earnings exceed 80% of weekly earnings

*Disability earnings* means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to the greatest extent possible. This would be the greatest extent of work, based on your restrictions and limitations, that you are able to do in your regular occupation, that is reasonably available. Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

## What Happens If Your Disability Earnings Fluctuate?

If your disability earnings are expected to fluctuate widely from week to week, Prudential may average your disability earnings over the most recent 3 weeks to determine if your claim should continue subject to all other terms and conditions in the plan.

If Prudential averages your disability earnings, we will terminate your claim if the average of your disability earnings from the last 3 weeks exceeds 80% of weekly earnings

We will not pay you for any week during which disability earnings exceed 80% of weekly earnings.

## What Are Deductible Sources of Income?

Prudential will deduct from your gross disability payment the following deductible sources of income:

1.  The amount that you receive as loss of time disability income payments under any state compulsory benefit *act* or *law*;

*Law, plan or act* means the original enactment of the law, plan or act and all amendments.

## What If Subtracting Deductible Sources of Income Results in a Zero Benefit? (Minimum Benefit)

The minimum weekly payment is $25.00.

## What Happens When You Receive Certain Increases from Deductible Sources of Income?

Once Prudential has subtracted any deductible source of income from your gross disability payment, Prudential will not further reduce your payment:

*   due to a cost of living increase from that source; or

*   by the amount of any increase in your Social Security income

### What If Prudential Determines that You May Qualify for Deductible Income Benefits?

If we determine that you may be eligible for benefits under item 1 in the deductible sources of income section, your payments will be reduced by an estimated benefit amount   The estimate will be based on state disability statutes

However, we will NOT estimate such benefits if you apply for the disability benefits under item 1 in the deductible sources of income section. and sign Prudential's Reimbursement Agreement that states you promise to pay back any overpayment caused by a retroactive award

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount awarded; or
- that benefits have been denied and all appeals Prudential feels are necessary have been completed. In this case, a lump sum refund of the estimated amount will be made to you.

### What Happens If You Receive a Lump Sum Payment?

If you receive a lump sum payment from any deductible source of income, the lump sum will be pro-rated on a weekly basis over the time period for which the sum was given.  If no time period is stated, we will use a reasonable one.

### How Long Will Prudential Continue to Send You Payments?

Prudential will send you a payment every week up to the *maximum period of payment*.  Your maximum period of payment is 12 weeks during a continuous period of disability.

We will stop sending you payments and your claim will end on the earliest of the following:

1   When you are able to work in your regular occupation on a *part-time basis* but you choose not to.

2.   The end of the maximum period of payment.

3.   The date you are no longer disabled under the terms of the plan.

4   The date you fail to submit proof of continuing disability satisfactory to Prudential.

5.   The date your disability earnings exceed the amount allowable under the plan.

6.   The date you die.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one period of disability

*Part-time basis* means the ability to work and earn between 20% and 80% of your weekly earnings.

83500
CBI-STD-1021

15          000024

(44968-2)

EXHIBIT A

## What Disabilities Are Not Covered Under Your Plan?

Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:

*   intentionally self-inflicted injuries;

*   active participation in a riot; or

*   commission of a crime for which you have been convicted under state or federal law.

Your plan does not cover a disability due to war, declared or undeclared, or any act of war

## What Happens If You Return to Work Full Time and You Become Disabled Again?

1.  If your current disability is related or due to the same cause(s) as your prior disability for which Prudential made a payment·

    Prudential will treat your current disability as part of your prior claim and you will not have to complete another elimination period if you return to active employment for your Employer on a full time basis for 30 consecutive days or less  Your disability will be subject to the same terms of the plan as your prior claim.

2.  If your current disability is unrelated to your prior disability for which Prudential made a payment:

    Prudential will treat your current disability as a new claim and you will have to complete another elimination period  Your disability will be subject to all of the plan provisions

    If you become covered under any other group short term disability plan, you will not be eligible for payments under the Prudential plan.

## How Can Prudential Help You and Your Employer Prevent a Disability or Help You Return to Work?

Prudential has rehabilitation services available.  As these services are designed to coordinate with your long term disability coverage, please see the Other Services section in your long term disability plan

# Short Term Disability Coverage

## CLAIM INFORMATION

### When Do You Notify Prudential of a Claim?

You must send Prudential written proof of your claim no later than 90 days after the termination of the period for which Prudential is liable. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity

We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner.

The claim form is available from your Employer, or you can request a claim form from us. If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of claim without waiting for the form.

You must notify us immediately when you return to work in any capacity.

### How Do You File a Claim?

You and your Employer must fill out your own section of the claim form and then give it to your attending doctor. Your doctor should fill out his or her section of the form and send it directly to Prudential.

### What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

1.    That you are under the regular care of a doctor

2.    The appropriate documentation of your weekly earnings.

3.    The date your disability began.

4     Appropriate documentation of the disabling disorder.

5     The extent of your disability, including restrictions and limitations preventing you from performing your regular occupation.

6.    The name and address of any **hospital or institution** where you received treatment, including all attending doctors

7.    The name and address of any doctor you have seen

We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor   This proof, provided at your expense, must be received within 90 days of a request by us.

83500
CCLM-STD-1014

17          000026          (S 1)
EXHIBIT A

In some cases, you will be required to give Prudential authorization to obtain additional medical information, and to provide non-medical information as part of your proof of claim, or proof of continuing disability. Prudential will deny your claim or stop sending you payments if the required information is not submitted.

**Hospital or Institution** means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## Who Will Prudential Make Payments To?

Prudential will make payments to you.

## What Happens If Prudential Overpays Your Claim?

Prudential has the right to recover any overpayments due to:

- fraud;
- any error Prudential makes in processing a claim; and
- your receipt of deductible sources of income

You must reimburse us in full. We will determine the method by which the repayment is to be made.

Prudential will not recover more money than the amount we paid you

## What Are the Time Limits for Legal Proceedings?

You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

## How Will Prudential Handle Insurance Fraud?

Prudential wants to ensure you and your Employer do not incur additional insurance costs as a result of the undermining effects of insurance fraud. Prudential promises to focus on all means necessary to support fraud detection, investigation and prosecution.

In some jurisdictions, if you knowingly and with intent to defraud Prudential, file an application or a statement of claim containing any materially false information or conceal for the purpose of misleading, information concerning any fact material thereto, you commit a fraudulent insurance act, which is a crime and subjects you to criminal and civil penalties These actions will result in denial or termination of your claim, and, where such laws apply, are subject to prosecution and punishment to the full extent under any applicable law. Prudential will pursue all appropriate legal remedies in the event of insurance fraud.

EXHIBIT A
(S-1)

# Long Term Disability Coverage

## GENERAL INFORMATION

### Who Is in the Covered Class(es) for the Insurance?

The Covered Classes are:

All Employees who are designated by the Contract Holder as Unclassified Employees other than those Employees also designated as Safety or Safety Management Employees.

### How Many Hours Must You Work to be Eligible for Coverage?

You must be working at least 20 hours per week.

### What Is Your Employment Waiting Period?

You may need to work for your Employer for a continuous period before you become eligible for the coverage. The period must be agreed upon by your Employer and Prudential.

Your Employer will let you know about this waiting period.

### Who Pays for Your Coverage?

Your coverage is paid for by you. Your Employer will inform you of the amount of your contribution when you enroll.

# Long Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury;*

- you have a 20% or more loss in your *indexed monthly earnings* due to that sickness or injury; and

- you are under the *regular care* of a *doctor*.

After 36 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

**Physical Examination:**

Prudential, at our expense, shall have the right and opportunity to examine you when and as often as we may reasonably require during the pendency of a claim.

Refusal to be examined may result in denial or termination of your claim.

---

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified.

*Regular occupation* means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Gainful occupation* means an occupation including self employment, that is or can be expected to provide you with an income equal to at least 67% of your indexed monthly earnings within 12 months of your return to work.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth  Disability must begin while you are covered under the plan

*Injury* means a bodily injury that is the direct result of an accident and not related to any other cause  Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

**EXHIBIT A**

B3500
CBI LTD-1011

(44959-2)

000029

*Indexed monthly earnings* means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

*Regular care* means:

- you personally visit a doctor as frequently as is medically required according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards

*Doctor* means:

- a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

## How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your *elimination period.* Prudential will treat your disability as continuous if your disability stops for 30 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period

Your elimination period is 90 days.

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential

## Can You Satisfy Your Elimination Period If You Are Working?

Yes, provided you meet the definition of disability.

## When Will You Begin to Receive Disability Payments?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment each month for any period for which Prudential is liable.

## How Much Will Prudential Pay If You Are Disabled and Not Working?

We will follow this process to figure out your *monthly payment*:

1. Multiply your monthly earnings by 67%.

2. The maximum *monthly benefit* is $10,000.00.

3. Compare the answer in Item 1 with the maximum monthly benefit. The lesser of these two amounts is your *gross disability payment*.

4. Subtract from your gross disability payment any *deductible sources of income*

That amount figured in item 4 is your monthly payment.

After the elimination period, if you are disabled for less than 1 month, we will send you 1/30th of your payment for each day of disability.

*Monthly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Monthly benefit* means the total benefit amount for which you are insured under this plan subject to the maximum benefit.

*Gross disability payment* means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

## What Are Your Monthly Earnings?

Monthly earnings means your gross monthly income from your Employer in effect just prior to your date of disability. It includes total monthly income before taxes and is prior to any deductions made for pre-tax contributions to a deferred compensation plan, Section 125 plan, or flexible spending account. It does not include income received from commissions, bonuses, overtime pay, any other extra compensation, or income received from sources other than your Employer.

EXHIBIT A
(44959-2)

## What Will We Use to Determine Monthly Earnings If You Become Disabled During a Covered Layoff or Leave of Absence?

If you become disabled while you are on a covered layoff or leave of absence, we will use your monthly earnings from your Employer in effect just prior to the date your absence begins

## How Much Will Prudential Pay If You Work While You Are Disabled?

We will send you the monthly payment if you are disabled and your monthly *disability earnings*, if any, are less than 20% of your indexed monthly earnings due to the same sickness or injury.

If you are disabled and your monthly disability earnings are 20% or more of your indexed monthly earnings, due to the same sickness or injury, Prudential will figure your payment as follows:

During the first 12 months of payments, while working, your monthly payment will not be reduced as long as disability earnings plus the gross disability payment does not exceed 100% of indexed monthly earnings.

1. Add your monthly disability earnings to your gross disability payment.

2. Compare the answer in item 1 to your indexed monthly earnings

If the answer from item 1 is less than or equal to 100% of your indexed monthly earnings, Prudential will not further reduce your monthly payment.

If the answer from item 1 is more than 100% of your indexed monthly earnings, Prudential will subtract the amount over 100% from your monthly payment.

After 12 months of payments, while working, you will receive payments based on the percentage of income you are losing due to your disability.

1. Subtract your disability earnings from your indexed monthly earnings.

2. Divide the answer in item 1 by your indexed monthly earnings  This is your percentage of lost earnings.

3. Multiply your monthly payment by the answer in item 2.

This is the amount Prudential will pay you each month.

During the first 36 months of disability payments, if your monthly disability earnings exceed 80% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

Beyond 36 months of disability payments, if your monthly disability earnings exceed 60% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

Prudential may require you to send proof of your monthly disability earnings on a monthly basis. We will adjust your payment based on your monthly disability earnings.

As part of your proof of disability earnings, we can require that you send us appropriate financial records, including copies of your IRS federal income tax return, W-2's and 1099's, which we believe are necessary to substantiate your income.




**Disability earnings** means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible. This would be, based on your restrictions and limitations:

- During the first 36 months of disability payments, the greatest extent of work you are able to do in your regular occupation, that is reasonably available.

- Beyond 36 months of disability payments, the greatest extent of work you are able to do in any occupation, that is reasonably available, for which you are reasonably fitted by education, training or experience

Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

## What Happens If Your Disability Earnings Fluctuate?

If your disability earnings are expected to fluctuate widely from month to month, Prudential may average your disability earnings over the most recent 3 months to determine if your claim should continue subject to all other terms and conditions in the plan.

If Prudential averages your disability earnings, we will terminate your claim if:

- During the first 36 months of disability payments, the average of your disability earnings from the last 3 months exceeds 80% of indexed monthly earnings; or

- Beyond 36 months of disability payments, the average of your disability earnings from the last 3 months exceeds 60% of indexed monthly earnings

We will not pay you for any month during which disability earnings exceed the above amounts.

## What Are Deductible Sources of Income?

Prudential will deduct from your gross disability payment the following deductible sources of income

1.  The amount that you receive as loss of time benefits under:

    (a)  a workers' compensation law;

    (b)  an occupational disease law; or

    (c)  any other **act** or **law** with similar intent.

2   The amount that you receive as loss of time disability income payments under any state compulsory benefit act or law.

3.  The amount that you receive as loss of time disability income payments under any governmental retirement system as the result of your job with your Employer.

4.  The amount that you, your spouse and children receive as loss of time disability payments because of your disability under:

    (a)  the United States Social Security Act;

EXHIBIT A

(b) the Railroad Retirement Act;

(c) the Canada Pension Plan;

(d) the Quebec Pension Plan; or

(e) any similar **plan** or **act.**

Amounts paid to your former spouse or to your children living with such spouse will not be included.

5.   The amount that you receive as retirement payments or the amount your spouse and children receive as retirement payments because you are receiving payments under:

(a) the United States Social Security Act;

(b) the Railroad Retirement Act;

(c) the Canada Pension Plan;

(d) the Quebec Pension Plan; or

(e) any similar plan or act.

Benefits paid to your former spouse or to your children living with such spouse will not be included.

6.   The amount that you receive as retirement benefits, to the extent they are funded by Employer contributions, if they are from an insurance, annuity or pension contract, or a welfare or other employee benefit plan. However, this does not include benefits for any month before you reach normal retirement age, as defined in your Employer's **retirement plan,** unless you choose to receive benefits for that month.

Disability payments under your Employer's retirement plan. These payments will be those benefits which are paid due to disability and do not reduce the retirement benefit which would have been paid if the disability had not occurred. Disability benefits which reduce the retirement benefit under the plan will also be considered as a retirement benefit.

No reductions will be made for amounts rolled over or transferred to an eligible retirement plan. Prudential will use the definition of eligible retirement plan as defined in Section 402 of the Internal Revenue Code including any future amendments which affect the definition.

7   The amount you receive under the maritime doctrine of maintenance, wages and cure This includes only the "wages" part of such benefits

With the exception of retirement payments, Prudential will only subtract deductible sources of income which are payable as a result of the same disability.

We will not reduce your payment by your Social Security income if your disability begins after age 65 and you were already receiving Social Security retirement payments.

EXHIBIT A

**Law, plan or act** means the original enactment of the law, plan or act and all amendments.

**Retirement plan** means a defined contribution plan or defined benefit plan  These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

## What Are Not Deductible Sources of Income?

Prudential will not deduct from your gross disability payment income you receive from, but not limited to, the following sources:

- 401(k) plans;
- profit sharing plans;
- thrift plans;
- tax sheltered annuities;
- stock ownership plans;
- non-qualified plans of deferred compensation;
- pension plans for partners;
- military pension and disability income plans;
- credit disability insurance;
- franchise disability income plans;
- automobile liability insurance;
- a retirement plan from another Employer;
- individual retirement accounts (IRA).

## What If Subtracting Deductible Sources of Income Results in a Zero Benefit? (Minimum Benefit)

The minimum monthly payment is the greater of (a) 10% of the gross disability payment otherwise payable and (b) $100.00.

## What Happens When You Receive Certain  Increases from Deductible Sources of Income?

Once Prudential has subtracted any deductible source of income from your gross disability payment, Prudential will not further reduce your payment:

- due to a cost of living increase from that source; or
- by the amount of any increase in your Social Security income

83500
CB-LTD 1011

26

GOOD35

EXHIBIT
(4495 2)

## What If Prudential Determines that You May Qualify for Deductible Income Benefits?

If we determine that you may be eligible for benefits under item 2 or 4 in the deductible sources of income section, your payments will be reduced by an estimated benefit amount.

For item 2, the estimate will be based on state disability statutes. For item 4, the estimate will be based on Social Security tables.

However, we will NOT estimate such benefits if you apply for the disability benefits under item 2 or 4 in the deductible sources of income section. and sign Prudential's Reimbursement Agreement that states you promise to pay back any overpayment caused by a retroactive award

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount awarded; or
- that benefits have been denied and all appeals Prudential feels are necessary have been completed. In this case, a lump sum refund of the estimated amount will be made to you.

## What Happens If You Receive a Lump Sum Payment?

If you receive a lump sum payment from any deductible source of income, the lump sum will be pro-rated on a monthly basis over the time period for which the sum was given. If no time period is stated, we will use a reasonable one.

## How Long Will Prudential Continue to Send You Payments?

Prudential will send you a payment each month up to the *maximum period of payment*. Your maximum period of payment is:

| Your Age on Date Disability Begins | Your Maximum Period of Benefits |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

EXHIBIT A

(44959-2)

We will stop sending you payments and your claim will end on the earliest of the following:

1.  During the first 36 months of payments, when you are able to work in your regular occupation on a *part-time basis* but you choose not to; after 36 months of payments, when you are able to work in any gainful occupation on a part-time basis but you choose not to.

2.  The end of the maximum period of payment.

3.  The date you are no longer disabled under the terms of the plan

4.  The date you fail to submit proof of continuing disability satisfactory to Prudential

5.  The date your disability earnings exceed the amount allowable under the plan.

6.  The date you die.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one period of disability

*Part-time basis* means the ability to work and earn 20% or more of your indexed monthly earnings.

## What Disabilities Have a Limited Pay Period Under Your Plan?

Disabilities which, as determined by Prudential, are due in whole or part to *mental illness* have a limited pay period during your lifetime.

The limited pay period for mental illness is 24 months during your lifetime.

Prudential will continue to send you payments for disabilities due in whole or part to mental illness beyond the 24 month period if you meet one or both of these conditions:

1.  If you are *confined* to a *hospital or institution* at the end of the 24 month period, Prudential will continue to send you payments during your *confinement*

    If you are still disabled when you are discharged, Prudential will send you payments for a recovery period of up to 90 days.

    If you become reconfined at any time during the recovery period and remain confined for at least 14 days in a row, Prudential will send payments during that additional confinement and for one additional recovery period up to 90 more days

2.  In addition to item 1, if, after the 24 month period for which you have received payments, you continue to be disabled and subsequently become confined to a hospital or institution for at least 14 days in a row, Prudential will send payments during the length of the confinement.

Prudential will not pay beyond the limited pay period as indicated above, or the maximum period of payment, whichever occurs first

Prudential will not apply the mental illness limitation to dementia if it is a result of:

▪   stroke;

EXHIBIT A

- trauma;

- viral infection;

- Alzheimer's disease, or

- other conditions not listed which are not usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Mental illness* means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive or bipolar illness, anxiety, somatization, substance related disorders and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Confined or confinement* for this section means a hospital stay of at least 8 hours per day.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## What Disabilities Are Not Covered Under Your Plan?

Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:

- intentionally self-inflicted injuries;

- active participation in a riot; or

- commission of a crime for which you have been convicted under state or federal law.

Your plan does not cover a disability which:

- begins within 12 months of the date your coverage under the plan becomes effective; and

- is due to a pre-existing condition.

Your plan does not cover a disability due to war, declared or undeclared, or any act of war.

Prudential will not make a payment for any period of disability during which you are incarcerated as a result of a conviction.

## What Is a Pre-Existing Condition?

You have a pre-existing condition if:

1. You received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines, or followed treatment recommendation in the 3 months just prior to your effective date of coverage or the date an increase in benefits would otherwise be available; or

EXHIBIT A

2.   You had symptoms for which an ordinarily prudent person would have consulted a health
care provider in the 3 months just prior to your effective date of coverage or the date an
increase in benefits would otherwise be available

## How Does a Pre-Existing Condition Affect an Increase in Your Benefits?

If there is an increase in your benefits due to an amendment of the plan; or your enrollment in
another plan option, a benefit limit will apply if your disability is due to a pre-existing condition

You will be limited to the benefits you had on the day before the increase if your disability begins
during the 12 month period starting with the date the increase in benefits would have been
effective.  The increase will not take effect until your disability ends.

## How Does the Pre-Existing Condition Work If You Were Covered Under Your Employer's Prior Plan?

Special rules apply to pre-existing conditions, if this long term disability plan replaces your
Employer's prior plan and:

•   you were covered by that plan on the day before this plan became effective: and

•   you became covered under this plan within thirty-one days of its effective date.

The special rules are:

1.   If the Employer's prior plan did not have a pre-existing condition exclusion or limitation, then
a pre-existing condition will not be excluded or limited under this plan.

2.   If the Employer's prior plan did have a pre-existing condition exclusion or limitation, then the
limited time does not end after the first 12 months of coverage.  Instead it will end on the
date any equivalent limit would have ended under the Employer's prior plan

3.   If the change from your Employer's prior plan to this plan of coverage would result in an
increase in your amount of benefits, the benefits for your disability that is due to a pre-
existing sickness or injury will not increase   Instead the benefits are limited to the amount
you had on the day before the plan change

## What Happens If You Return to Work Full Time and Your Disability Occurs Again?

If you have a *recurrent disability*, as determined by Prudential, we will treat your disability as
part of your prior claim and you will not have to complete another elimination period if:

•   you were continuously insured under this plan for the period between your prior claim and
your current disability; and

•   your recurrent disability occurs within 6 months of the end of your prior claim

Your recurrent disability will be subject to the same terms of the plan as your prior claim.  Any
disability which occurs after 6 months from the date your prior claim ended will be treated as a
new claim   The new claim will be subject to all of the plan provisions

EXHIBIT A

If you become covered under any other group long term disability plan, you will not be eligible for payments under the Prudential plan.

*Recurrent disability* means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

EXHIBIT A

(44959-2)

# Long Term Disability Coverage

## OTHER BENEFIT FEATURES

### What Benefits Will be Provided to Your Family If You Die?
### (Survivor Benefit)

When Prudential receives proof that you have died, we will pay your *eligible survivor* a lump sum benefit equal to 3 months of your gross disability payment if, on the date of your death:

- your disability had continued for 180 or more consecutive days; and

- you were receiving or were entitled to receive payments under the plan.

If you have no eligible survivors, payment will be made to your estate.

However, we will first apply the survivor benefit to any overpayment which may exist on your claim.

*Eligible survivor* means your spouse or Registered Domestic Partner, if living; otherwise, your children under age 25.

Your Registered Domestic Partner means a person whose domestic partnership with you has been validly registered by the California Secretary of State; or a person with whom you have established a union other than marriage, recognized under California law as the equivalent of a Registered Domestic Partner.

EXHIBIT A

# Long Term Disability Coverage

## CLAIM INFORMATION

### When Do You Notify Prudential of a Claim?

You must send Prudential written proof of your claim no later than 90 days after the termination of the period for which Prudential is liable. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner.

The claim form is available from your Employer, or you can request a claim form from us. If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of claim without waiting for the form.

You must notify us immediately when you return to work in any capacity

### How Do You File a Claim?

You and your Employer must fill out your own section of the claim form and then give it to your attending doctor Your doctor should fill out his or her section of the form and send it directly to Prudential.

### What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

1. That you are under the regular care of a doctor.

2. The appropriate documentation of your monthly earnings.

3. The date your disability began.

4. Appropriate documentation of the disabling disorder.

5. The extent of your disability, including restrictions and limitations preventing you from performing your regular occupation or gainful occupation.

6. The name and address of any *hospital or institution* where you received treatment, including all attending doctors.

7. The name and address of any doctor you have seen

We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor. This proof, provided at your expense, must be received within 90 days of a request by us.

In some cases, you will be required to give Prudential authorization to obtain additional medical information, and to provide non-medical information as part of your proof of claim, or proof of continuing disability.  Prudential will deny your claim or stop sending you payments if the required information is not submitted.

> ***Hospital or Institution*** means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## Who Will Prudential Make Payments To?

Prudential will make payments to you.

## What Happens If Prudential Overpays Your Claim?

Prudential has the right to recover any overpayments due to:

- fraud;

- any error Prudential makes in processing a claim; and

- your receipt of deductible sources of income

You must reimburse us in full.  We will determine the method by which the repayment is to be made.

Prudential will not recover more money than the amount we paid you

## What Are the Time Limits for Legal Proceedings?

You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

## How Will Prudential Handle Insurance Fraud?

Prudential wants to ensure you and your Employer do not incur additional insurance costs as a result of the undermining effects of insurance fraud.  Prudential promises to focus on all means necessary to support fraud detection, investigation and prosecution.

In some jurisdictions, if you knowingly and with intent to defraud Prudential, file an application or a statement of claim containing any materially false information or conceal for the purpose of misleading, information concerning any fact material thereto, you commit a fraudulent insurance act, which is a crime and subjects you to criminal and civil penalties   These actions will result in denial or termination of your claim, and, where such laws apply, are subject to prosecution and punishment to the full extent under any applicable law.  Prudential will pursue all appropriate legal remedies in the event of insurance fraud.

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential Help Your Employer Identify and Provide Worksite Modification?

A worksite modification might be what is needed to allow you to perform the material and substantial duties of your regular occupation with your Employer. At your option, one of our designated professionals will assist you and your Employer to identify a modification we agree is likely to help you remain at work or return to work. This agreement will be in writing and must be signed by you, your Employer and Prudential.

When this occurs, Prudential will reimburse you for the cost of the modification up to the greater of:

- $1,000; or

- the equivalent of 2 months of your monthly benefit.

This benefit is available to you on a one time only basis.

### How Can Prudential's Rehabilitation Program Help You Return to Work?

If you are eligible for and choose to participate in a Qualified Rehabilitation Program, Prudential will pay for the cost of the program. If you are eligible to participate, either Prudential will propose a program or you may propose a program that meets the criteria for a Qualified Rehabilitation Program indicated below.

You are eligible to participate in a Qualified Rehabilitation Program if:

1   you are disabled; and

2.  you are or may become, entitled to benefits under this coverage for that disability.

A Qualified Rehabilitation Program is a program which meets all of the following criteria:

1   It is reasonably necessary to provide you with the opportunity to return to work

2.  After being in such a program, you can reasonably be expected to support yourself.

3.  It has an anticipated completion date and is developed and implemented by a **qualified rehabilitation specialist** who has been selected by Prudential or you.

4   The cost of the program is reasonable in relation to the gross disability payment which is or may be provided.

The Qualified Rehabilitation Program may include, but is not limited to, the following services:

- coordination with your Employer to assist you to return to work;

EXHIBIT A

- evaluation of adaptive equipment to allow you to work;

- child care during your Qualified Rehabilitation Program;

- vocational evaluation to determine how your disability may impact your employment options;

- job placement services

- resume preparation;

- job seeking skills training;

- retraining for a new occupation; or

- assistance with relocation that may be part of a Qualified Rehabilitation Program.

---

*Qualified rehabilitation specialist* means a person capable of developing and implementing a vocational rehabilitation plan and whose experience and regular duties involve the evaluation, counseling, or placement of disabled persons. This may include persons who are Certified Rehabilitation Counselors (CRC) as defined by the national Commission on Rehabilitation Counselor Certification (CRCC).

---

### How Can Prudential's Social Security Claimant Assistance Program Help You With Obtaining Social Security Disability Benefits?

Prudential can arrange for expert advice regarding your Social Security disability benefits claim. If you agree to this program, the experts will assist you with your application or appeal, as long as you are disabled under the plan.

Receiving Social Security disability benefits may enable:

- you to receive Medicare after 24 months of disability payments;

- you to protect your retirement benefits; and

- your family to be eligible for Social Security benefits.

We can assist you in obtaining Social Security disability benefits by:

- helping you find appropriate legal representation:

- obtaining medical and vocational evidence; and

- reimbursing pre-approved case management expenses.

---

# Glossary

**Active employment** means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 20 hours per week

Your worksite must be:

- your Employer's usual place of business;
- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or
- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

**Confined or confinement** for this section means a hospital stay of at least 8 hours per day.

**Contract holder** means the Employer to whom the Group Contract is issued.

**Deductible sources of income** means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

**Disability earnings** means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible as explained in the plan  Salary continuance will not be included as disability earnings since it is not payment for work performed.

**Doctor** means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or
- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or
- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including but not limited to you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

**Eligible survivor** means your spouse or Registered Domestic Partner, if living; otherwise, your children under age 25.

000046

**EXHIBIT A**
(44959-2)

**Your Registered Domestic Partner** means a person whose domestic partnership with you has been validly registered by the California Secretary of State; or a person with whom you have established a union other than marriage, recognized under California law as the equivalent of a Registered Domestic Partner

**Elimination period** means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential

**Employee** means a person who is in active employment with the Employer for the minimum hours requirement

**Employer** means the Contract Holder, and includes any division, subsidiary or affiliate who is reported to Prudential in writing for inclusion under the Group Contract, provided that Prudential has approved such request.

**Employment waiting period** means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

**Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 67% of your indexed monthly earnings within 12 months of your return to work.

**Gross disability payment** means the benefit amount before Prudential subtracts deductible sources of income and disability earnings

**Hospital or institution** means an accredited facility licensed to provide care and treatment for the condition causing your disability

**Indexed monthly earnings** means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

**Injury** means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

**Insured** means any person covered under a coverage.

**Law, plan or act** means the original enactment of the law, plan or act and all amendments

**Layoff or leave of absence** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff

**Material and substantial duties** means duties that:

- are normally required for the performance of your regular occupation; and
- cannot be reasonably omitted or modified.

**Maximum period of payment** means the longest period of time Prudential will make payments to you for any one disability.

**Mental illness** means a psychiatric or psychological condition regardless of cause.  Mental illness includes but is not limited to schizophrenia, depression, manic depressive, or bipolar illness, anxiety, somatization, substance related disorders, and/or adjustment disorders or other conditions.  These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

**Monthly benefit** means the total benefit amount for which an employee is insured under this plan subject to the maximum benefit.

**Monthly earnings** means your gross monthly income from your Employer as defined in the plan.

**Monthly payment** means your payment after any deductible sources of income have been subtracted from your gross disability payment

**Part-time basis (STD)** means the ability to work and earn between 20% and 80% of your weekly earnings

**Part-time basis (LTD)** means the ability to work and earn 20% or more of your indexed monthly earnings.

**Payable claim** means a claim for which Prudential is liable under the terms of the Group Contract.

**Plan** means a line of coverage under the Group Contract.

**Pre-existing condition** means:

a condition for which you received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines or followed treatment recommendation for your condition during the given period of time as stated in the plan; or

you had symptoms for which an ordinarily prudent person would have consulted a health care provider during the given period of time as stated in the plan.

**Qualified rehabilitation specialist** means a person capable of developing and implementing a vocational rehabilitation plan and whose experience and regular duties involve the evaluation, counseling, or placement of disabled persons   This may include persons who are Certified Rehabilitation Counselors (CRC) as defined by the national Commission on Rehabilitation Counselor Certification (CRCC).

*Recurrent disability* means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

*Regular care* means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is appropriate for your disabling condition(s), according to generally accepted medical standards.

*Regular occupation* means the occupation you are routinely performing when your disability occurs. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Retirement plan* means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

*Salary continuation or accumulated sick leave* means continued payments to you by your Employer of all or part of your monthly earnings, after you become disabled as defined by the Group Contract. This continued payment must be part of an established plan maintained by your Employer for the benefit of an employee covered under the Group Contract. Salary continuation or accumulated sick leave does not include compensation paid to you by your Employer for work you actually perform after your disability begins. Such compensation is considered disability earnings, and would be taken into account as such, in calculating your monthly payment.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*We, us, and our* means The Prudential Insurance Company of America.

*Weekly benefit* means the total benefit amount for which an employee is insured under this plan subject to the maximum benefit.

*Weekly earnings* means your gross weekly income from your Employer as defined in the plan.

*Weekly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*You* means a person who is eligible for Prudential coverage.

EXHIBIT ..

000050

EXHIBIT A

# EXHIBIT B

MESERVE, MUMPER & HUGHES LLP
Linda M. Lawson (Bar No. 77130)
llawson@mmhllp.com
Patricia A. Ellis (Bar No. 130044)
pellis@mmhllp.com
800 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2611
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

FILED
NORTH COUNTY DIVISION

2014 NOV 13  PM 3: 16

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| AMANDA E. LATHAM, | Case No. 37-2014-00035088-CU-CI-NC |
| Plaintiff, | |
| vs. | **DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF AMANDA E. LATHAM'S UNVERIFIED COMPLAINT** |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1-10, inclusive, | |
| Defendants. | |
| | Complaint Filed: October 16, 2014 |

COMES NOW Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential"), for itself and for no other party, in response to the unverified Complaint filed by Plaintiff AMANDA E. LATHAM ("Plaintiff"), admits, denies, and/or alleges as follows:

## GENERAL DENIAL

1.      Pursuant to California Code of Civil Procedure § 431.30(d), Prudential denies, generally and specifically, each and every allegation set forth in Plaintiff's unverified Complaint, and each allegation of every cause of action set forth therein,

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140543.1

i

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF AMANDA E. LATHAM'S UNVERIFIED COMPLAINT

1 | and the whole thereof, and denies that Plaintiff sustained or will sustain damages in

2 | the sum or sums alleged in her Complaint, or in any sum or sums, or at all.

3 | **AFFIRMATIVE AND OTHER DEFENSES**

4 | As separate and distinct defenses to Plaintiff's Complaint, Prudential alleges

5 | and avers as follows:

6 | **FIRST AFFIRMATIVE DEFENSE**

7 | 1.    Prudential alleges that the Complaint, and each purported cause of

8 | action alleged therein, fails to state facts sufficient to constitute a valid cause of

9 | action against Prudential.

10 | **SECOND AFFIRMATIVE DEFENSE**

11 | 2.    Prudential is informed and believes, and on that basis alleges, that if

12 | Plaintiff has sustained any damages as alleged in the Complaint, which Prudential

13 | denies, Plaintiff failed to mitigate said damages.

14 | **THIRD AFFIRMATIVE DEFENSE**

15 | 3.    Prudential is informed and believes, and on that basis alleges, that

16 | Plaintiff has waived any and all claims that she may have or has had to the relief, if

17 | any, referred to in the Complaint.

18 | **FOURTH AFFIRMATIVE DEFENSE**

19 | 4.    Prudential is informed and believes, and on that basis alleges that

20 | Plaintiff is estopped from alleging that Prudential caused or contributed to the

21 | damages, if any, referred to in the Complaint.

22 | **FIFTH AFFIRMATIVE DEFENSE**

23 | 5.    Prudential alleges, without conceding that Plaintiff has sustained any

24 | damages as alleged in her Complaint, that if any such damages were sustained by

25 | Plaintiff, they were caused and/or contributed to by the actions and/or negligence of

26 | Plaintiff and/or her agents or representatives and/or by persons or entities other than

27 | Prudential, who at all times were acting without the consent, authorization,

28 | knowledge or ratification of Prudential, with regard to any and all of the acts alleged

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140541.1

2

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF AMANDA E. LATHAM'S UNVERIFIED COMPLAINT

1  in the Complaint, and the award of damages, if any, should be reduced by the
2  proportionate percentage of the wrong attributable to those persons or entities and/or
3  Plaintiff and/or her agents and representatives.

4  **SIXTH AFFIRMATIVE DEFENSE**

5  6.      Without conceding that Plaintiff has suffered any damages as alleged in
6  the Complaint, Prudential alleges that if any such damages were sustained by
7  Plaintiff, those damages should be properly apportioned among all persons or entities
8  who contributed to those damages in proportion to the fault of those persons or
9  entities, pursuant to California Civil Code § 1431.2 and any relevant provisions of
10 California common and statutory law.

11 **SEVENTH AFFIRMATIVE DEFENSE**

12 7.      Prudential alleges that it has fully performed all of its duties and
13 obligations, if any, under any contract or relationship with Plaintiff.  All events,
14 happenings, injuries and damages referred to in Plaintiff's Complaint were
15 proximately caused by the negligence and/or fault of Plaintiff and/or firms, persons,
16 corporations or entities other than Prudential and as to whom Prudential exercises no
17 control.

18 **EIGHTH AFFIRMATIVE DEFENSE**

19 8.      Prudential alleges that even if it is determined that Plaintiff is presently
20 disabled under the terms of the short term and long term disability plans upon which
21 Plaintiff sues (collectively the "Plan"), which contention Prudential expressly denies,
22 such determination does not mean that Plaintiff would be entitled to unlimited future
23 benefits under the Plan given, *inter alia*, the possibility of Plaintiff's recovery, as
24 well as the effect of different requirements, exclusions and/or limitations under the
25 Plan.

26 **NINTH AFFIRMATIVE DEFENSE**

27 9.      Prudential alleges that its purported obligations, if any, as alleged in the
28 Complaint, were fully performed.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140541.1

3

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF AMANDA E. LATHAM'S UNVERIFIED COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**

10.     Prudential alleges that Plaintiff failed to comply with one or more conditions precedent to obtaining coverage under the Plan and/or benefits pursuant to the Plan.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Prudential alleges that Plaintiff has not supplied Prudential with sufficient facts, proof or documentation that would support the payment to Plaintiff of benefits under the Plan and/or certificates of insurance at issue in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Prudential alleges that Plaintiff's remedy for any alleged breach of contract is limited by California Civil Code §§ 3300 and 3302.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Prudential alleges that Plaintiff's damage claim, if any, is limited by the provisions of Insurance Code § 10111.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Prudential presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated affirmative defenses. Prudential reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

**PRAYER**

WHEREFORE, Prudential prays for a judgment in its favor and against Plaintiff as follows:

1.     An order dismissing the Complaint, with prejudice, with respect to Plaintiff's cause of action;

2.     An order declaring that Plaintiff take nothing on her Complaint;

3.     An order declaring that no benefits or damages are payable to Plaintiff under the Plan;

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140541.1

4

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF AMANDA E. LATHAM'S UNVERIFIED COMPLAINT

1    4.    For judgment against Plaintiff and in favor of Prudential;

2    5.    That Prudential be awarded reasonable attorneys' fees;

3    6.    That Prudential be awarded its costs of suit; and

4    7.    For such other relief as the Court may deem just and proper.

5

6    Dated: November 13, 2014          MESERVE, MUMPER & HUGHES LLP
                                       Linda M. Lawson
7                                      Patricia A. Ellis

8

9                                      By: _Patricia A. Ellis_
10                                         Patricia A. Ellis
                                           Attorneys for Defendant
11                                         THE PRUDENTIAL INSURANCE
                                           COMPANY OF AMERICA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140541.1

5.

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
ANSWER TO PLAINTIFF AMANDA E. LATHAM'S UNVERIFIED COMPLAINT

1

## PROOF OF SERVICE

2

3        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 800 Wilshire Boulevard, Suite 500,

4   Los Angeles, California 90017-2611.

5        On November 13, 2014, I served the within document(s) described as:

6   DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
    ANSWER TO PLAINTIFF AMANDA E. LATHAM'S UNVERIFIED COMPLAINT

7

    on the interested parties in this action as stated below:

8

    Frank N. Darras, Esq.
9   Lissa A. Martinez, Esq.
    Susan B. Grabarsky, Esq.
10  Phillip S. Bather, Esq.
    Shawn S. Dhillon, Esq.
11  DarrasLaw
    3257 East Guasti Road, Suite 300
12  Ontario, CA 91761-1227

13  [X]   (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed above.  I am
          readily familiar with this firm's practice of collection and processing correspondence for
14        mailing.  Under that practice it would be deposited with the U.S. postal service on that same
          day in the ordinary course of business.  I am aware that on motion of party served, service is
15        presumed invalid if postal cancellation date or postage meter date is more than 1 day after
          date of deposit for mailing in affidavit.
16

        I declare under penalty of perjury under the laws of the State of California that the
17   foregoing is true and correct.

18      Executed on November 13, 2014, at Los Angeles, California.

19

        _____                _____
20          Anita De Leon                            (Signature)
           (Type or print name)

21

22

23

24

25

26

27

28

# EXHIBIT C

1 MESERVE, MUMPER & HUGHES LLP
Linda M. Lawson (Bar No. 77130)
2 llawson@mmhllp.com
Patricia A. Ellis (Bar No. 130044)
3 pellis@mmhllp.com
800 Wilshire Boulevard, Suite 500
4 Los Angeles, California 90017-2611
Telephone: (213) 620-0300
5 Facsimile: (213) 625-1930

6 Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF
7 AMERICA

8

9 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 **COUNTY OF SAN DIEGO**

11

12 AMANDA E. LATHAM,     ) Case No. 37-2014-00035088-CU-CI-NC
              )
13    Plaintiff,     )
              ) **NOTICE OF REMOVAL OF ACTION**
14  vs.         ) **TO UNITED STATES DISTRICT**
              ) **COURT**
15 THE PRUDENTIAL INSURANCE  )
COMPANY OF AMERICA; and DOES 1- )
16 10, inclusive,       )
              )
17    Defendants.    )
              ) Complaint Filed:  October 16, 2014
18

19   **TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE**

20 **COUNTY OF SAN DIEGO AND TO PLAINTIFF, AMANDA E. LATHAM, AND**

21 **HER ATTORNEYS OF RECORD:**

22    PLEASE TAKE NOTICE that on November 19, 2014, Defendant THE

23 PRUDENTIAL INSURANCE COMPANY OF AMERICA filed a Notice of Removal of

24 Action Under 28 U.S.C. § 1441(b) in the United States District Court, Southern District of

25 California, pursuant to 28 U.S.C. §§ 1332(a), 1332(c)(1), and 1441 ("Notice of Removal of

26 Action"). The filing of a copy of the Notice of Removal of Action with the Clerk of this

27 Court shall effect the removal of this action and this Court shall proceed no further unless

28 or until the case is remanded. No other defendants are named in this action.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140543.1

1

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

1       A true and correct copy of the Notice of Removal of Action filed with the United

2   States District Court is attached hereto as Exhibit "A."

3

4   Dated: November 19, 2014          MESERVE, MUMPER & HUGHES LLP
                                           Linda M. Lawson

5                                            Patricia A. Ellis

6

7                             By: *Patricia A. Ellis*

8                                        Patricia A. Ellis
                                       Attorneys for Defendant

9                                        THE PRUDENTIAL INSURANCE
                                       COMPANY OF AMERICA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140543.1

2

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT